972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Antonio DIEGO-BARRERA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adan BARRAGAN-MADUJANO, Defendant-Appellant.
 Nos. 91-50500, 91-50522.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 29, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Antonio Diego-Barrera (Diego) and Adan Barragan-Madujano (Barragan) appeal their sentences after being convicted for possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(1). Both defendants executed valid plea agreements. Diego was sentenced to 41 months in custody. He argues that the district court erred by not giving him a two point reduction for acceptance of responsibility. (No. 91-50500). Barragan was sentenced to 51 months. He argues that the district court erred by declining to depart downward based on the low purity of the heroin in his possession. (No. 91-50522). Both defendants have waived the right to appeal. We dismiss both appeals.
 
 DISCUSSION
 
 3
 A defendant may waive his statutory right to appeal by entering into a valid plea agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). Diego agreed to waive his right to appeal if the court accepted the recommendations made by the Government. The Government decided not to recommend a two point reduction for acceptance of responsibility. The court accepted the other recommendation (a four point reduction for minimal role) that the Government agreed to make. Thus, the terms of the plea agreement have been fully honored by the Government, and Diego has waived his right to appeal.[1] See Navarro-Botello, 912 F.2d at 321.
 
 
 4
 Barragan's plea agreement with the Government states that "the readily provable amount of heroin involved in this case is not more than 150.8 grams of heroin. The defense is free to contend that [Barragan's] responsibility should be limited to 74.7 grams of heroin at 1.6 percent purity." The probation report calculated Barragan's offense level based upon 150.8 grams of heroin. The district court agreed. Barragan's plea agreement contains a waiver conditioned only by the court's acceptance of the Government's recommendations to reduce the sentence. The court accepted the Government's recommendations. The sentence imposed accords with the terms of the negotiated plea agreement. Barragan has also waived his right to appeal.[2] See Navarro-Botello, 912 F.2d at 321.
 
 CONCLUSION
 
 5
 Both appellants have waived their right to appeal. We DISMISS Diego's appeal (No. 91-50500) and we DISMISS Barragan's appeal (No. 91-50522).
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Were his claim regarding acceptance of responsibility properly before us, we would on this record find it to be without merit
 
 
 [2]
 Were his claim otherwise properly before us, we would dismiss it for lack of jurisdiction. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991); United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990)