988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney SPOTSVILLE, Defendant-Appellant.
 No. 92-50256.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided March 10, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-1058-WJR-1; William J. Rea, District Judge, Presiding.
 C.D.Cal.
 APPEAL DISMISSED.
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant Spotsville pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a). The district court sentenced him to fifty-one months incarceration, a sentence within the applicable Guidelines range. Spotsville appeals his sentence, arguing that the district court erred as a matter of law in failing to depart downward from the Guidelines. We conclude that we lack jurisdiction over this appeal.
 
 
 3
 * A district court's discretionary decision not to depart downward from the applicable Guidelines range is not reviewable by this court. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). However, "we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicated that it would otherwise have departed." United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). "The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked the power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). Rather, "the district court has no obligation affirmatively to state that it has authority to depart when it sentences within the guideline range instead of departing." Id. "Therefore failure to depart, when the record is silent on the issue of authority, and sentence is imposed within the applicable guideline range, is not unlawful and is not appealable on that basis." Id.
 
 
 4
 Spotsville requested downward departure on two grounds: first, that his criminal history category overrepresented his true criminal history, and second, that his role in the offense was minor, warranting departure under United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992). At the sentencing hearing, the following exchange took place:
 
 
 5
 THE COURT: Well, I'm sorry. I just don't see this as a case for departure. He is charged with three bank robberies. He performed--he committed--the bank robberies. And for you to ask me to downward depart because he was acting under someone else's guidance or control, or whatever you want to call it--and he's getting consideration--the Government is not prosecuting him on the third count.
 
 
 6
 So I just don't see it's a case that the Court should grant departure on--downward departure, and I think as pointed out, it would set a preceden[t] for me to do that.
 
 
 7
 [SPOTSVILLE'S COUNSEL]: Is the Court ruling that the Valdez-Gonzalez opinion does not apply to this circumstance?
 
 
 8
 THE COURT: I'm just saying, that under the totality of the circumstances--including that case--I don't think that this is a case for downward departure, and I'm not going to consider--I'm going to consider the offense level to be 22 and the criminal history to be III, which is what the Probation Office has found--and which I agree with--which indicates a prison term of between 51 months and 63 months.
 
 
 9
 Now the court will certainly go to the low end of that range, but I do not believe that the Court should go any further than that in granting the motion for a downward departure. I don't think the case justifies it.
 
 
 10
 Contrary to Spotsville's assertions, these comments in no way indicate that the district court's decision not to depart rested on the court's belief that departure was prevented as a matter of law. Rather, the court indicated that it believed that departure was not warranted based on its consideration of the facts of this particular case. For this reason, the court's failure to depart is not reviewable and we need not decide whether a departure on any of the grounds asserted would have been warranted. See Belden, 957 F.2d at 676.
 
 
 11
 The appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3