**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Fernando GARCIA–GARCIA,**
**Defendant–Appellant.**

**No. 90–50100.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 23, 1991 *.

Decided March 4, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Victor M. Torres, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Kimberly D. Allan, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ALARCON, HALL and RYMER, Circuit Judges.

PER CURIAM:

This case requires us to decide whether an appealable issue is presented when a district court declines to depart downward from the applicable sentencing guideline range, but makes no finding that it has authority to do so if it wished.

Jose Fernando Garcia–Garcia appeals his sentence, imposed under the United States Sentencing Guidelines and within the applicable guideline range, following his conviction by guilty plea for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred by failing to rule on whether it had authority to depart below the applicable guideline range. Because we conclude that the district court has no obligation affirmatively to state that it does have authority to depart, when its authority to do so is not otherwise in dispute, the failure to depart remains discretionary and a sentence imposed within the applicable guideline range is not unlawful. The issue presented by Garcia is therefore unappealable, and we dismiss.

I

The presentence report calculated Garcia's guideline range at 21–27 months in prison. He argued for a downward departure due to the fact that he would likely be deported at the end of his period of incarceration, his marriage to a United States citizen was jeopardized, and this was his first criminal conviction. The judge sentenced Garcia to 21 months, stating that he had read the presentence report and commenting about other matters having to do with Garcia's plea agreement and acceptance of responsibility. The subject of the court's authority to depart never came up, and the judge made no comment about his refusal to depart downward.

II

■ Garcia argues that because the district court did not specifically address whether it had discretion to depart, the sentence was imposed in violation of law and is thus appealable under 18 U.S.C. § 3742(a)(1).[1] We have held that we lack jurisdiction to review a district court's discretionary decision not to depart downward from the sentencing guidelines. *United States v. Morales*, 898 F.2d 99 (9th Cir. 1990). We have also held that appellate review of a sentence that is within the applicable guideline range, and was not imposed in violation of law, is unavailable. *United States v. Pelayo–Bautista*, 907 F.2d 99, 101 (9th Cir.1990). And it is clear that a district court has no obligation to state reasons for imposing a sentence at a particular point within the guideline range, so long as the range does not exceed 24 months. 18 U.S.C. § 3553(c)(1); *United States v. Howard*, 894 F.2d 1085 (9th Cir. 1990). Therefore the only arguable basis for review of Garcia's sentence is the court's silence with respect to its refusal to depart.

■ The government did not oppose Garcia's request for departure on the ground that the court lacked authority to entertain

---

1. Section 3742(a) provides:
   A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law ...

it. Nor did Garcia object when sentence was imposed without the court's stating in so many words, "I recognize that I have authority to depart, but I decline to do so in the exercise of my discretion." The court simply rendered judgment, in the face of Garcia's request for departure, without comment. Under these circumstances we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case. *Cf. United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989) (in assessing jurisdiction to review downward departures, "[o]ur usual presumption ... is that a district court is aware of the law that it is called upon to apply").

■ The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart. There is a critical difference between a discretionary failure to depart and a legal conclusion that departure is impermissible. Thus, an appeal premised on the merits of a district court's refusal to depart is different from one based on the district court's belief that it lacked authority to depart. The former is not appealable; the latter is. Failure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of law.

■ We hold, instead, that the district court has no obligation affirmatively to state that it has authority to depart when it sentences within the guideline range instead of departing. Therefore failure to depart, when the record is silent on the issue of authority, and sentence is imposed within the applicable guideline range, is not unlawful and is not appealable on that basis.

DISMISSED.