959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yolanda HOELSCHER, Defendant-Appellant.
 No. 91-50373.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.*
Decided April 9, 1992.
 
 Before PREGERSON, D.W. NELSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yolanda Hoelscher appeals her sentence of thirteen months following her conviction for misapplication of bank funds. She contends that the district court erred in failing to depart downwards from the applicable sentencing guideline range because of her economic hardship. We have jurisdiction, and we affirm.
 
 
 3
 Although we have no jurisdiction to review a district court's refusal to exercise its discretion to depart downward from the applicable guideline range, United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir.1991), in this case the district court refused to depart because it believed that the guidelines precluded any departure on the basis of economic hardship. See E.R. 33 ("economic hardship and financial stress are not grounds for departure.... So I don't think the grounds are there, even though I certainly understand what you say."). A district court's conclusion that it lacks authority to depart is appealable, Garcia-Garcia, 927 F.2d at 491, and that conclusion is reviewed de novo. See United States v. Todd, 909 F.2d 395, 397 (9th Cir.1990).
 
 
 4
 Hoelscher sought a downward departure on the basis of economic hardship because she embezzled the money from her employer to pay for her son's drug rehabilitation. Hoelscher concedes that "economic hardship" is not listed in the guidelines as a factor justifying downward departure, but contends that the district court could have considered it as a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). This argument is foreclosed by U.S.S.G. § 5K2.12, which provides that "The Commission considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence." The district court was therefore correct in concluding that it lacked discretion to depart based on economic hardship.
 
 
 5
 Hoelscher also argues that she was misled by the probation officer into believing that the presentence report would be more favorable than in fact it was. However, before the district court Hoelscher conceded that the probation officer did not promise her a reduced sentence:
 
 
 6
 [The Defendant:] Now, of course, he said it is up to you [the court]. You know, you sentence. You impose a sentence.
 
 
 7
 The Court: When you entered your plea you were told that the matter of sentencing was going to be up to the court, not to the probation officer.
 
 
 8
 The Defendant: Yes.
 
 
 9
 Hoelscher has therefore failed to show how she was prejudiced by any representations the probation officer may have made to her.
 
 
 10
 For the foregoing reasons, the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3