962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio VALENZUELA-GAMEZ, Defendant-Appellant.
 No. 91-30454.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ignacio Valenzuela-Gamez appeals from his sentence, imposed following a guilty plea, for illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2). Valenzuela-Gamez contends that the district court erred by not granting him a downward departure from the range applicable to his offense under the United States Sentencing Guidelines. We lack jurisdiction to review the sentence and dismiss the appeal.
 
 
 3
 A district court's discretionary decision not to depart from the Guidelines range is not reviewable on appeal. United States v. Garcia-Garcia, 927 F.2d 489, 490. "The [district] court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart." Id. at 491. The district court's decision to sentence a defendant in the middle of the applicable Guidelines range indicates that its decision not to depart from the range was discretionary. United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991).
 
 
 4
 Here, Valenzuela-Gamez was on special parole for a drug offense when he illegally entered the United States, and served a seven-month sentence for the parole violation before sentencing for the instant offense. He argued for a downward departure from the Guidelines range for his illegal reentry violation because the fact of his parole status affected his criminal history score. The district court denied the request, stating that the earlier seven-month sentence was for possession of heroin. The district court stated: "I do not feel that the presentence report discriminates against you under the Guidelines. I think it is accurate. I'm satisfied the presentence report, as corrected, is proper and that the guideline range is ten to 16 months" (RT 11/25/91 at 25). The district court then sentenced Valenzuela-Gamez to 13 months incarceration.
 
 
 5
 There is no ambiguity in this record. The district court clearly exercised its discretion not to depart, and we lack jurisdiction to review its decision. See Garcia-Garcia, 927 F.2d at 491; Sanchez, 914 F.2d at 1363-64.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3