983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel NUNEZ-QUINTERO, Defendant-Appellant.
 No. 92-10375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Nunez-Quintero appeals from his sentence, imposed after he pleaded guilty to violating 8 U.S.C. § 1326(b)(2) by illegally reentering the United States after deportation following an aggravated felony conviction. Nunez-Quintero contends that the district court erred by failing to recognize its discretion to depart below the minimum sentence dictated by the United States Sentencing Guidelines. We lack jurisdiction to review his claim and dismiss the appeal.
 
 
 3
 "[W]e lack jurisdiction to review a district court's discretionary decision not to depart downward" from the Guidelines. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991). Absent evidence to the contrary in the record, we will assume that the district court understands and correctly applies the law. Id., 927 F.2d at 491. A defendant's failure to request downward departure before the district court waives any basis for appellate review of the issue. United States v. Quesada, 972 F.2d 281, 283-84 (9th Cir.1992).
 
 
 4
 Here, prior to sentencing, Nunez-Quintero wrote a letter to the court in which he appealed to the district judge's mercy and cited reasons for the district court to impose less than the maximum guideline sentence of 63 months. At sentencing, the district judge stated that he had received Nunez-Quintero's letter requesting leniency but that "[u]nfortunately, this is a case where the Court has no discretion. You committed a serious offense when you were in the United States before, and I must take that into account" (RT 6/1/92 at 4). The district court then adopted the presentence report and sentenced Nunez-Quintero at the bottom of the applicable Guideline range.
 
 
 5
 Although Nunez-Quintero never moved the district court to depart below the Guideline minimum sentence of 51 months, he now argues that the district court erred by failing to recognize its discretion to do so. This contention lacks merit.
 
 
 6
 To obtain relief, Nunez-Quintero must show that the district court did not depart downward because it erroneously thought it lacked the discretion to do so. Here, however, the district court was never presented with a departure request on which to rule. In his letter, Nunez-Quintero urged the court to show mercy by not imposing the Guideline maximum, and at sentencing, he asked for the Guideline minimum. The district court's statement that it "ha[d] no discretion" to do more did not transform Nunez-Quintero's request for mercy into a motion for downward departure. Having failed to move for departure, Nunez-Quintero has waived his opportunity to demonstrate on the record that the district court misunderstood its authority to depart. See Quesada, 972 F.2d at 283-84; Garcia-Garcia, 927 F.2d at 491.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3