985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul A. TALENT, Defendant-Appellant.
 No. 92-10067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Talent appeals from his 352-month sentence, imposed following his guilty pleas, for conspiracy and attempt to possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession of narcotics in violation of 21 U.S.C. § 844, and being a felon in possession of a firearm and using a firearm during a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1). Talent contends that the district court erred by finding that it lacked authority to depart downward from the applicable range under the United States Sentencing Guidelines because he was a career offender. We dismiss the appeal.
 
 
 3
 The district court is specifically authorized to depart downward from the guideline range applicable to a career offender if the court believes that the criminal history category significantly over-represents the seriousness of the defendant's history or the likelihood of recidivism. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990); see also U.S.S.G. § 4A1.3. Nonetheless, "we lack jurisdiction to review a district court's discretionary decision not to depart downward from the sentencing guidelines." United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991) (per curiam). The district court need not explicitly recognize its discretion before declining to depart, and we will assume that the district court understands and applies the law correctly unless the record shows that it did not. Id. at 491.
 
 
 4
 Here, Talent was charged, along with two codefendants, following his attempt to purchase a kilogram of cocaine from an undercover agent. After the trial had begun, Talent's codefendants both entered into plea agreements pursuant to which the government agreed to drop charges in return for their guilty pleas to single counts. The government offered Talent a plea agreement pursuant to which it would recommend a sentence of no more than 25 years (300 months) in return for his waiver of the right to appeal the sentence. Talent declined this offer and pleaded guilty to all six counts against him without a plea agreement.
 
 
 5
 The parties agreed that Talent qualified as a career offender and that the lowest sentence he could receive absent a departure was 352 months incarceration. In his sentencing memorandum, Talent asked the district court to consider departure on the ground that the career offender classification over-represented his actual past criminal conduct. Before hearing argument at sentencing, the district court stated:
 
 
 6
 I read [the sentencing memorandum] carefully because of the at least facially harsh sentence imposed by the guidelines in this defendant's case. And I might be inclined to depart down, but I can't find a legal reason to do so in your sentencing memorandum.... I don't see a legal basis for a departure down, for starters, and as I understand the law, in any event, it is strictly discretionary.
 
 
 7
 (RT 1/13/92 at 11.) The district court also made reference to the plea bargain offer which Talent had rejected and indicated that it might consider a departure down to 25 years if both Talent and the government agreed to waive any appeal of the sentence. Talent again indicated that he was not willing to waive his right to appeal.
 
 
 8
 The law allowing a district court to depart below a career offender's range was well-established at the time of Talent's sentencing. Although the district court's reference to the rejected plea agreement was somewhat unorthodox, its statements, taken together, indicate that it knew it had discretion to depart but saw no basis on which to do so. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). The district court's concern with the harshness of the career offender sentencing range does not mean that it agreed with Talent's argument that his criminal history score over-represented his past conduct or the likelihood of recidivism. See id. (finding exercise of discretion where district court sympathized with defendant over harsh sentence but found no basis for departure). On this record, we conclude that the district court exercised its discretion not to depart below the applicable range. Accordingly, we lack jurisdiction to consider Talent's request for a downward departure. See Garcia-Garcia, 927 F.2d at 491.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3