990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Luis ERQUIAGA, Defendant-Appellant.
 No. 89-50508.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 13, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Luis Erquiaga appeals his 121-month sentence imposed following a jury trial for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Erquiaga contends that the district court erred by failing to consider his "imperfect duress" defense as a ground to depart downward from the applicable Guidelines range. We dismiss the appeal for lack of jurisdiction.[1]
 
 
 3
 We lack jurisdiction to review a district court's discretionary selection of a sentence within a properly calculated Guideline range. United States v. Young, No. 92-10283, slip. op. 2593, 2599 (9th Cir. Mar. 23, 1993); see also United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam) ("Failure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of the law.").
 
 
 4
 Here, the presentence report (PSR) indicated that the drug offense involved 5,197.3 grams of cocaine which corresponded to a base offense level of 32. See U.S.S.G. § 2D1.1. Combined with a criminal history category of I, the applicable Guidelines range was 121 to 151 months imprisonment. See U.S.S.G. § 5A.
 
 
 5
 Prior to sentencing, Erquiaga filed position papers regarding mitigating sentencing factors. Erquiaga argued, among other things, that the district court should depart downward based upon his "lack of prior convictions, his coerced involvement in this crime, ... family situation, and the purposes of sentencing." At the first sentencing hearing, on September 11, 1989, defense counsel disputed whether the amount of drugs in the offense was over 5,000 grams. Defense counsel then stated that a finding of 5,000 grams or more would foreclose the departure issue because of the ten-year mandatory minimum sentence.
 
 
 6
 At a second hearing, on September 18, 1989, the district court heard evidence regarding the drug quantity calculation and ruled that the amount of drugs involved exceeded 5,000 grams. Defense counsel stated that this ruling triggered the ten-year minimum sentence and requested a sentence at the low end of the Guidelines range. Neither defense counsel nor Erquiaga requested a downward departure.
 
 
 7
 Because Erquiaga merely asked for, and received, a sentence at the low end of the Guidelines range, rather than requesting a downward departure, we lack jurisdiction to review this issue. See Young, No. 92-10283, slip op. at 2599.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant counsel's motion for an exemption from 9th Cir.R. 46-5