990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Paul AGUIRRE, Defendant-Appellant.
 No. 92-30374.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Aguirre appeals from his 51-month sentence, imposed following his conviction by guilty plea, for possession with intent to distribute lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 841(a)(1). Aguirre contends that the district court erred by failing to depart below the applicable range under the United States Sentencing Guidelines and by failing to make findings pertinent to his request for departure. We lack jurisdiction to review the district court's discretionary decision not to depart and dismiss the appeal.
 
 
 3
 Although we will review de novo the district court's determination that it lacks discretion to depart below the Guidelines range, United States v. Roe, 976 F.2d 1216, 1217 (9th Cir.1992), we lack jurisdiction to review a district court's discretionary decision not to depart, United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991) (per curiam). "The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart.... Failure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of law." Id., 927 F.2d at 491.
 
 
 4
 Here, Aguirre requested departure on four separate bases. At sentencing, the district court declined to depart, stating, "I do not find this to be an appropriate case for departure from the guidelines." The district court gave no indication that it thought it lacked discretion to depart on any of the bases Aguirre had suggested. Accordingly, we will not review its discretionary decision not to depart.[1] See Garcia-Garcia, 927 F.2d at 491.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court has no obligation to state its reasons for declining to depart, see Garcia-Garcia, 927 F.2d at 491, it did not violate Fed.R.Crim.P. 32 by declining to specifically address each of Aguirre's proposed bases for departure. Consequently, his reliance on this court's decisions requiring the district court to make specific factual findings before determining the Guidelines range is misplaced