996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emil Michael SOLEIMAN, Defendant-Appellant.
 No. 92-50668.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emil Michael Soleiman appeals his 48-month sentence imposed under the Sentencing Guidelines following entry of a guilty plea to use of a communication facility in the distribution of cocaine in violation of 21 U.S.C. § 843(b). Soleiman contends that the case must be remanded because the record is unclear as to whether the district court exercised its discretion when declining to depart downward. Soleiman also contends that the district court erred by imposing 400 hours of community service. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss in part and vacate and remand in part.
 
 
 3
 * Failure to Depart Downward
 
 
 4
 Soleiman contends that remand is necessary to clarify the record because the district court may have incorrectly concluded that it did not have authority to depart downward. This argument lacks merit.
 
 
 5
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). When a district court's authority to depart downward is not in dispute and it declines to depart without comment, we assume that the district court realized that it had authority to depart but declined to do so in its discretion. United States v. Garcia-Garcia, 927 F.2d 489, 490-491 (9th Cir.1991) ("Failure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of law.").
 
 
 6
 Here, Soleiman argued that the circumstances of his case warranted a downward departure for aberrant behavior and extraordinary family and personal circumstances. The government did not argue that the district court lacked authority to consider a departure on those bases. The district court declined without comment to depart downward and sentenced Soleiman to 48 months' imprisonment.[1]
 
 
 7
 Because the district court did not have to affirmatively state that it was exercising its discretion in order to make its refusal to depart discretionary, we dismiss this part of the appeal for lack of jurisdiction. See Garcia-Garcia, 927 F.2d at 490-491; Belden, 957 F.2d at 676.
 
 II
 
 8
 Community Service as a Condition of Supervised Release
 
 
 9
 Soleiman also contends that the district court erred by departing upward when it imposed 400 hours of community service in addition to a 3-year term of supervised release.
 
 
 10
 The Guidelines provide that a district court may order up to 400 hours of community service as a condition of supervised release. U.S.S.G. § 5F1.3 and comment. (n. 1). Because the imposition of community service is not outside the applicable Guidelines sentence and not treated by the Sentencing Commission as a departure from the Guidelines, the order of community service does not constitute an upward departure. Cf. U.S.S.G. § 5F1.3.
 
 III
 Term of Supervised Release
 
 11
 The government concedes that in the instant case, the maximum period of supervised release under the Guidelines was one year. See U.S.S.G. § 5D1.2(b)(3). We therefore vacate the sentence and remand for reconsideration of the term of supervised release.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After adjustments for being a minor participant and for acceptance of responsibility, Soleiman's total adjusted offense level was 26 with a Guidelines sentencing range of 63-78 months' imprisonment. Because the statutory maximum sentence for his offense was 48 months' imprisonment, see 21 U.S.C. § 843(b), the applicable Guidelines sentence was 48 months' imprisonment. See U.S.S.G. 5G1.1(a)