1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael W. LESTER, Defendant-Appellant.
 No. 92-30355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided Aug. 3, 1993.
 
 MEMORANDUM*
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 Defendant Michael Lester appeals the sentence that the district court imposed following his conviction, under 18 U.S.C. Sec. 933(g)(1), for illegal possession of a firearm. According to Lester: (1) the district court erred in increasing his offense level by four points pursuant to sentencing guidelines section 2K2.1(b)(5) because it failed to find any specific felony offense in connection with which Lester used the firearm; (2) the district court failed to make the requisite findings that Lester was not entitled to a downward departure; and (3) in determining that Lester's sentence should be enhanced pursuant to sentencing guidelines section 3C1.1, the district court did not adequately consider the relevant evidence.
 
 
 2
 We affirm.
 
 DISCUSSION
 
 3
 I. Failure to make finding of felony offense.
 
 
 4
 Lester acknowledges that he failed to raise a timely objection to the district court's determination that Lester should be assigned the base offense level applicable under guideline section 2K2.1(b)(5). Lester maintains, however, that the district court's decision should be reviewed for plain error. We disagree.
 
 
 5
 The sentencing court is required to make findings as to allegations or conclusions in the sentencing report only when they are controverted by the defendant. Fed.R.Crim.P. 32(c)(3)(D). Lester did not make any attempt to controvert the presentence report's conclusion that his offense level should be enhanced four points because he used the firearm in connection with another felony offense, the drive-by shooting. Therefore, the court was not obligated to make a finding of the elements of the related felony offense, and no error was committed. United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993).
 
 
 6
 II. Findings related to Lester's request for a downward departure.
 
 
 7
 Lester complains that the district court focused on the wrong facts when it discussed its refusal to depart downward and that the court did not adequately consider the evidence of diminished capacity on which Lester based his request for a departure.
 
 
 8
 The district court's refusal to depart on the ground that Lester suffered diminished capacity at the time he committed his offense was not based on a legal determination that it lacked authority to depart. Therefore, the decision not to depart is unreviewable. 18 U.S.C. Sec. 3742(e)(2) (Supp.1992); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 9
 III. The district court's finding that Lester had obstructed justice.
 
 
 10
 Lester asserts that the evidence does not support the district court's finding that he obstructed justice. We review for clear error the court's factual findings in support of the sentencing decision, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991), and affirm.
 
 
 11
 According to Lester, the district court never read the letters on which it based its finding that Lester obstructed justice. In support of this contention, Lester points out that during the sentencing hearing, the court stated, "the court doesn't need to read [the letters]." Lester has taken the statement out of context. The court made it in response to the government's offer to provide the court with copies of the letters. The court's comments at the conclusion of the sentencing hearing indicate that the court did read the letters.
 
 
 12
 Whether the court thoroughly read the letters, moreover, is irrelevant, because the finding that Lester had obstructed justice was not clearly erroneous. In his letters to Matt Nicole, a witness to Lester's crime, Lester repeatedly urged Nicole to testify to a version of events that conflicts markedly with the account that, according to the government's stipulated facts, Nicole would have testified to if called. In the second letter, Lester inquired whether Nicole got "my letter explaining what my story is going to be in trial, and what I need you to say and not to say?" and provided a minutely detailed account of the version of events that he wanted Nicole to testify to. In other parts of the letter he advised Nicole about how he should respond to the government attorneys, admonishing Nicole, "It doesn't hurt to say you don't know or you don't remember." We conclude from this evidence that the district court did not commit clear error in finding that the letters were designed to elicit favorable, false testimony, and we affirm the court's decision to enhance Lester's sentence pursuant to guideline section 3C1.1.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3