9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Joseph ZIRETTA, aka: Phillip Joseph Zirretta,
Defendant-Appellant.
 No. 93-50326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Joseph Ziretta appeals his seven-month sentence under the United States Sentencing Guidelines imposed following his guilty plea to bankruptcy fraud in violation of 18 U.S.C. § 152. Ziretta contends the district court erred by failing to recognize that it had discretion to depart downward pursuant to U.S.S.G. § 5K2.10, based on the victim's misconduct. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 A district court's discretionary refusal depart downward is not reviewable on appeal unless that decision was the result of a legal conclusion that the Guidelines preclude departure. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993). A court's silence on its authority to depart is not sufficient to indicate that the court believed it lacked the authority to depart. Id.; United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam).
 
 
 4
 At sentencing, Ziretta requested a downward departure based on the victim's misconduct. The court imposed a sentence within the Guidelines range, without comment on Ziretta's request for departure. The following colloquy then occurred:
 
 
 5
 MS. LEWIS [defense counsel]: Your honor, may I request the court's finding with respect to the request for the downward departure?
 
 
 6
 THE COURT: I'm not departing downward obviously, counsel.
 
 
 7
 MS LEWIS: I'm just asking for the court's ruling--reasoning.
 
 
 8
 THE COURT: What ruling? I didn't depart downward. You asked for it. I didn't do it. Okay.
 
 
 9
 MS. LEWIS: Very well.
 
 
 10
 THE COURT: You want to take it upstairs, go ahead.
 
 
 11
 There is no indication in the record that the court's refusal to depart was anything but discretionary. Because the court is not required to state affirmatively that it has the authority to depart when it imposes a sentence within the applicable range, we lack jurisdiction over this appeal. See Garcia-Garcia, 927 F.2d at 491.
 
 
 12
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3