15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lowell Edward JACKSON, Defendant-Appellant.
 No. 93-30024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lowell Jackson appeals the sentence imposed following his plea of guilty to distributing cocaine. He argues that the district court erred in failing to depart downward and in calculating his base offense level. We affirm.
 
 
 4
 * Jackson challenges the district court's decision not to depart downward from the Sentencing Guideline range, arguing that his criminal history category over-represented his actual criminal history. However, "we do not have jurisdiction to review a district court's discretionary decision not to depart from the Sentencing Guidelines." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). The only exception to this rule is if the district court incorrectly believes that it has no discretion to depart. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991).
 
 
 5
 There is no evidence in this case that the district court believed it lacked discretion to depart. "The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart.... Therefore failure to depart, when the record is silent on the issue of authority, ... is not appealable on that basis." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). Furthermore, the district court stated at sentencing, "I am going to decline to depart on the grounds that the criminal history score over represents the defendant's criminal history," and added, in the findings of fact, "In the exercise of its discretion, the court finds that departure is not warranted." We conclude that the district court was aware that it had the power to depart yet chose not to do so. This discretionary decision is not subject to review.
 
 II
 
 6
 Jackson challenges the calculation of his base offense level, arguing that the government failed to meet its burden of proving that the cocaine he provided was cocaine base and not powder. He requests that his base offense level be reduced from 28 to 26, the level for the same quantity of cocaine powder. The government bears the burden of proving the facts necessary to establish a defendant's base offense level by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 655-58 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). We review the district court's findings of fact in the sentencing phase for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 7
 The only evidence on this issue came from the government's proffer of Detective Foster's testimony. According to this proffer, Foster would have testified that: (1) the deal was originally for amounts of crack cocaine (or cocaine base); (2) Jackson said he would convert the powder to cocaine base; (3) through the informant's body wire device, Foster heard the powder being converted and heard conversations about converting the cocaine; and, (4) the informant was followed from the time he left Jackson to the time he turned over the cocaine, and he never had an opportunity to convert the cocaine himself.
 
 
 8
 Jackson did not object to the proffer, nor did he ask to cross-examine Detective Foster. In challenging the sufficiency of the government's evidence, he relies on the fact that his fingerprints were not on the bag of cocaine and that the government did not mention how good the quality of the body wire recording was. While the lack of fingerprint evidence and the question about recording clarity may support Jackson's claim that he did not provide cocaine base, they are not sufficient to demonstrate that the district court's finding was clearly erroneous. We conclude the district court did not clearly err in finding that the government met its burden of establishing Jackson's base offense level by a preponderance of the evidence.
 
 
 9
 The sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3