61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dionicio GUTIERREZ-HERNANDEZ, Defendant-Appellant.
 No. 94-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 19, 1995.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-94-00147-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 C.D.Cal.
 REMANDED.
 Before: LAY**, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Dionicio Gutierrez-Hernandez appeals the district court's denial of his motion for additional discovery to support his claim of selective prosecution. Gutierrez-Hernandez also appeals the district court's refusal to depart downwards in sentencing him. We have jurisdiction, 28 U.S.C. Sec. 1291, and remand.
 
 
 3
 * Gutierrez-Hernandez moved for dismissal of the indictment on the basis of selective prosecution, or on the alternative for additional discovery to support his claim of selective prosecution. On appeal he challenges the denial of his motion only as it relates to his request for additional discovery. For the reasons set forth in United States v. Rendon-Abundez, F.3d , No. 94-50352 (9th Cir. July 13, 1995), we remand to the district court for reconsideration in light of our opinion in United States v. Armstrong, 48 F.3d 1508 (9th Cir. 1995) (en banc), and in accord with the instructions in Rendon-Abundez.
 
 II
 
 4
 Gutierrez-Hernandez argues that the district court erred in failing to depart downward to a two-year sentence, based on his claim that he detrimentally relied on an I-294 form given to him at the time of his last deportation. The form erroneously informed him that, if he re-entered the country illegally, he would be subject to a maximum sentence of two years. We reach this issue because on remand the district court may enter a new judgment of conviction, in accordance with Rendon-Abundez.
 
 
 5
 Here, the district court stated simply that "I am not going to downwardly depart." Where a district court refuses to depart, is silent on whether it has the authority to do so, and where the sentence imposed is within the applicable guideline range, we lack authority to review the sentence. United States v. Garcia-Garcia, 927 F.2d 489 (9th Cir. 1991). We may not do so here.
 
 
 6
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3