70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Scott SILKS, Defendant-Appellant.
 No. 95-50000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Nov. 29, 1995.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges; MARQUEZ,** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Donald Silks appeals his conviction for attempted escape from federal prison in violation of 18 U.S.C. Sec. 751(a). Silks seeks reversal and remand to the district court for a new trial and resentencing on the grounds that the district court abused its discretion in (1) excluding evidence to support the defense of lack of specific intent, and (2) in denying a motion for mistrial based on the court's alleged mistreatment of defense counsel and preclusion of evidence supporting a duress defense.[1] We affirm.
 
 
 4
 * At daybreak on June 1, 1993, Silks was discovered by prison staff lying at the outermost security fence near the rear delivery entrance gate of the United States Penitentiary at Lompoc, California. In his possession were two metal knife-like objects.
 
 
 5
 During the prison staff's subsequent search of the facility, an officer discovered in Silks' bed a life-size dummy figure covered except for the head. The dummy's head had curly "hair" and an "ear" resembling an actual human ear. Not until pulling back the covers of the bed did the officer realize that the figure was not Silks, but a dummy.
 
 II
 
 6
 Silks was indicted on August 19, 1994. The trial began November 8, 1994. During opening statements, the court interrupted defense counsel several times when he attempted to describe Silks' physical characteristics and the general conditions at the institution.
 
 
 7
 On November 10, 1994, Silks filed two written pleadings. The first, entitled "Proffer in Support of Duress Defense," made an offer of proof of the following: Silks was incarcerated at a maximum security federal prison from which it was "almost impossible to escape" due to various security measures. A "predatory environment" existed at the prison, engendered by gangs, racial tension, overcrowding, weapons, violence, and sexual assaults. The proffer also described Silks' age, height, weight, physical appearance, and background, and contended that on the night of his escape, Silks had a "well-grounded fear ... that he was going to be the victim of unprovoked harm." In conclusion, the proffer asked the district court to consider Silks' physical characteristics and the penitentiary conditions as evidence consistent with a duress defense, and maintained that Silks' "actions [were] inconsistent with someone acting of his free will." The second pleading, entitled "Proffer in Support of Cross-Examination and Relevance Thereof," was almost identical to the first, and stated Silks' intention "to assert duress to refute the (specific) intent element of the offense, or in the alternative, to attack the sufficiency of the government's evidence with regards to the intent demand."
 
 
 8
 On the same day, Silks requested leave to make another opening statement to the jury, based on the proffer concerning the duress defense. After repeated inquiries by the court as to the specifics of the duress defense and repeated refusals by defense counsel to identify the inmate who had threatened Silks, the court precluded Silks from presenting evidence relating to duress.
 
 
 9
 In spite of the court's ruling, defense counsel attempted to elicit information regarding Silks' physical and psychological condition and the conditions at the prison during testimony and to focus the jury's attention upon them during closing arguments. After admonishing defense counsel several times and sustaining the continuous objections of the prosecution, the court was ultimately compelled to terminate the defense's closing argument. After closing instructions were given, Silks moved for a mistrial based on the court's "disparaging" treatment of defense counsel and preclusion of the defenses of lack of specific intent and duress. The court denied the motion and Silks was convicted of the charge in the indictment.
 
 III
 
 10
 Silks argues that the district court abused its discretion by denying his motion for a mistrial based on the district judge's mistreatment of counsel and rulings precluding evidence of duress.
 
 
 11
 A district court's denial of a motion for mistrial is reviewed for an abuse of discretion. United States v. George, 56 F.3d 1078, 1082 (9th Cir.1995).
 
 
 12
 The district court did not abuse its discretion in precluding Silks' duress defense. To establish a duress defense in an escape from confinement prosecution, a prisoner must establish the existence of the following requirements: (1) that the threat and fear which the threat caused were immediate and involved death or serious bodily injury; (2) that the fear was well-grounded; (3) that there was no reasonable opportunity to avoid or escape the threatened harm; and (4) that the defendant submitted to proper authorities after attaining a position of safety. United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982) (per curiam). Where the defendant is caught in the act of escaping, the fourth Peltier requirement is inapplicable. The defendant cannot show that he turned himself in since he had no opportunity to do so. Consequently, courts have formulated an alternative to the fourth requirement set out in Peltier for prisoners caught in the act of escaping. Instead of demonstrating an effort to return for custody, these defendants would have to show that they intended to surrender had the escape succeeded. United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied sub nom. Sears v. United States, 779 U.S. 869 (1986). Silks failed to establish even one of the four elements. Although he claims to have acted under an immediate and illegal threat of death and serious bodily injury, he refused to identify the supposed source of the threat. In addition, he failed to offer any evidence to establish that his fear was well-grounded, that he had acted on opportunities to avoid the perceived danger, such as advising the warden or the prison counselor of his concern and requesting safe custody, or that he had the intent to resubmit to the authorities had he successfully escaped. In sum, he failed to establish a prima facie case for duress. The district court, therefore did not abuse its discretion in excluding Silks' duress defense.
 
 
 13
 Silks' contention regarding mistreatment of counsel is meritless. The trial judge's interruptions of defense counsel's opening statement and closing argument were entirely proper because Silks had failed to make a showing of any of the required elements for a duress defense prior to trial. The interruptions and the court's "derogatory" remarks were made in response to Silks' persistent refusal to comply with earlier rulings precluding the evidence. We are persuaded that, as the court indicated to defense counsel in response to the mistrial motion, "each ruling was made as a result and--each admonition was made as a result of [defense counsel] deliberately violating the rulings of this court made pretrial and doing it before the jury." Moreover, the majority of the judge's remarks, unlike defense counsel's comments provoking them, were made outside the presence of the jury. Accordingly, Silks' claim that he was denied due process based on the court's "disparaging remarks" is meritless, and the district court properly denied the motion for mistrial.
 
 IV
 
 14
 Silks also argues that the district court abused its discretion by precluding defense counsel from presenting a defense based on lack of specific intent. He contends that evidence of the prison conditions and his own physical and psychological conditions constitutes a "defense based on challenging the government's proof on the issue of specific intent."
 
 
 15
 A trial court's evidentiary rulings are reviewed for abuse of discretion. United States v. Mullin, 992 F.2d 1472, 1476 (9th Cir.), cert. denied, 114 S.Ct. 556 (1993).
 
 
 16
 We disagree with Silks' contention. The district court correctly exercised its discretion precluding evidence of general prison conditions and defendant's physical and psychological condition because that evidence was irrelevant to the issue of specific intent. The statements to which relevancy objections were sustained during the defense's opening argument, cross and direct examinations, and closing argument concerned the physical and psychological evidence which the district court had precluded prior to trial. Although defense counsel contends that his statements were made with regard to the specific intent issue, they appeared to be made in circumvention of the court's preclusion of the duress issue.
 
 V
 
 17
 The district court did not abuse its discretion in precluding evidence of Silks' physical and psychological condition and general prison conditions and in denying Silks' motion for mistrial.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Silks raises two additional issues which this court need not reach. First, he contends that the district court abused its discretion in refusing to depart downward from the Sentencing Guidelines. It is well established that a sentencing court's discretionary decision not to depart downward is not subject to review on appeal. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991)
 Silks also requests that a different judge be assigned the case in the event the case is remanded. In light of this court's refusal to remand the case, the request for another judge is moot.