83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis PEREZ-PEREZ, Defendant-Appellant.
 No. 95-30292.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Perez-Perez appeals his 18-month sentence following a guilty plea to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). Perez-Perez received a two-level minor role downward adjustment in his offense level under U.S.S.G. § 3B1.2(b). He contends that the district court erred by failing to give him a four-level adjustment for being a minimal participant under U.S.S.G. § 3B1.2(a), and for failing to give him a downward departure. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review for clear error the district court's determination regarding a defendant's minor or minimal role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Although a defendant who acts as a drug courier may be entitled to a minimal role adjustment, such an adjustment is not required. See id. at 1436-37; see also U.S.S.G. § 3B1.2, comment. (n. 1) (minimal role adjustment appropriate where defendant lacks knowledge of scope of enterprise).
 
 
 4
 Perez-Perez waited for the signal of his co-defendant before delivering the cocaine to the undercover agent's car. Such actions indicate that Perez-Perez acted in concert with his co-defendants and knew of the scope of the enterprise. See U.S.S.G. § 3B1.2, comment. (n. 1). Moreover, the district court was entitled to disbelieve many of Perez-Perez's self-serving descriptions of his lack of culpability or knowledge in the offense. See United States v. Ocampo, 937 F.2d 485, 491 (9th Cir.1991). Accordingly, the district court committed no error by determining that a two-level minor role adjustment was appropriate, but a four-level minimal role adjustment was not. See Davis, 36 F.3d at 1436-37.
 
 
 5
 A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 506 U.S. 882 (1992). "The court's silence regarding authority to depart is not sufficient to indicate that the court believed that it lacked power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam). The district court here denied Perez-Perez's request for a downward departure without comment. We therefore lack jurisdiction to review the district court's refusal to depart downward. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3