125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Damian LOPEZ, Defendant-Appellant.
 No. 96-50692.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 10, 1997.[2]
Filed September 30, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-96-602-RJK; Robert J. Kelleher, District Judge, Presiding.
 
 
 2
 Before PREGERSON and HAWKINS Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Javier Damian Lopez appeals from his sentence of fifteen months incarceration for conspiracy to distribute methaqualone, in violation of 21 U.S.C. § 846.[4] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, the appeal is denied in part and dismissed in part.
 
 
 4
 Lopez argues that the district court's use of the post-November 1, 1995 version of U.S.S.G. § 2D1.1(c)(10) was error, because under § 1B1.11(b), it created an ex post facto violation. This argument is without merit. The record reflects that his first involvement with the drug conspiracy was his attendance at a meeting on May 29, 1996. He was arrested on June 6, 1996 as he helped deliver the methaqualone tablets to a confidential informant. He asserts the earlier version applies because the conspiracy began in October 1995, prior to the November 1, 1995 effective date of the revised version of U.S.S.G. § 2D1.1(c)(10).
 
 
 5
 U.S.S.G. § 1B1.11(a) provides that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced". Subsection (b)(1) provides further that:
 
 
 6
 If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.
 
 
 7
 U.S.S.G. § 1B1.11(b)(1). Comment 2 to § 1B1.11 notes:
 
 
 8
 Under subsection (b)(1), the last date of the offense of conviction is the controlling date for ex post facto purposes. U.S.S.G. § 1B1.11, Comment (n.2). Because the last date of Lopez' offense was the date he delivered the methaqualone tablets and was arrested, the relevant date for application of the Guidelines was after November 1, 1995. Accordingly, the district court did not err in applying the post-November 1, 1995 version of § 2D1.1(c)(10) in calculating Lopez' sentence.
 
 
 9
 In the alternative, Lopez asserts the district court erred when it held it had no discretion to depart downward from the guideline range on the bases of aberrant behavior and extraordinary family circumstances. A reading of the sentencing transcript reveals that the district court understood it had discretion to depart downward, but declined to exercise that discretion.
 
 
 10
 A district court's discretionary refusal to depart downward in not subject to appellate review. See, e.g., United States v. Rose, 20 F.3d 367, 375 (9th Cir.1994). The only exception is where the district court indicates that it would have departed had it believed the legal authority to be present. In such case, the judge's refusal to depart on the basis that the Guidelines did not permit departure gives rise to a question of law that is reviewed de novo. See e.g., United States v. Rose, 20 F.3d 376, 375 (9th Cir.1994). We have also held that where a district judge is silent as to the reasons for not granting a departure, "we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case". United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 11
 Here, the district judge recognized that he could take into consideration the Appellant's family situation:
 
 
 12
 When you refer to your children and say that--and your family and say you hope the Court will take into consideration, the Court does.
 
 
 13
 While the district judge expressed that his discretion was limited, nothing in the record indicates that he believed there was no legal authority to grant a departure. Further, he lacked the affirmative statement that he would have granted the departure had he believed he had the power to do so. Lopez' argument thus fails to meet the exception set out in Rose. The district judge's remarks as a whole, suggests that it was concerned with balancing Lopez' family needs against the seriousness of the offense, and determined that the requested downward departure was not warranted under the circumstances. As the district court in fact exercised its discretion, appellate review is not appropriate.[5] Accordingly, the appeal will be dismissed in this regard.
 
 
 14
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 Lopez was named in Counts 1 and 3 of the multiparty indictment. Count 3, charging possession with intent to distribute methaqualone, in violation of § 841(a)(1), was dismissed by the government at sentencing
 
 
 [5]
 The district court was silent on the aberrant behavior argument. While the government opposed the downward departure, it made no argument that the court was without discretion to entertain it. Under Garcia-Garcia, the district court's silence is not sufficient to show it believed it lacked discretion to grant the departure. Thus, appellate review of the district court's decision to deny the downward departure is likewise foreclosed