**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randal Keith LANGLEY, Defendant—
Appellant.**

No. 02–30040.

D.C. No. CR–01–05216–T.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Randall Keith Langley appeals a 60–month sentence imposed after his jury-trial conviction for mailing threatening communications in violation of 18 U.S.C. § 876. We have jurisdiction under 18 U.S.C. § 3742. We review enhancements under the Sentencing Guidelines for conduct preceding a threat de novo, a district court's factual finding of intent for clear error, *See United States v. Hines*, 26 F.3d 1469, 1473 (9th Cir.1994), and we affirm.

Langley contends that because he did not intend to act on his threats the district court erred by increasing his offense level by six levels under U.S.S.G. § 2A6.1(b)(1). This contention is not convincing. *See United States v. Hines*, 26 F.3d 1469, 1473–74 (9th Cir.1994) (stating that defendant's actions prior to the threatening communications may be taken into account to determine intent to act purposes of U.S.S.G. § 2A6.1).

Langley also contends that the district court erred by not granting a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This contention is meritless. *See United States v. Burrows*, 36 F.3d 875, 883 (9th Cir.1994) (stating that defendant's admission of physical commission of crime but denial of requisite intent is incompatible with the idea of acceptance of responsibility).

Finally, we lack jurisdiction to review the district court's discretionary denial of Langley's request for a downward departure. *See United States v. Garcia–Garcia*, 927 F.2d 489, 490–91 (9th Cir.1991) (per curiam).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.