permission to reenter the United States with respect to a conviction under § 1326).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Angel VILLA–SERRANO,
Defendant–Appellant.**

No. 03–30210.

D.C. No. CR–01–30085–ALA.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Judith R. Harper, USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Tonia Moro, Office of the Public Defender, Medford, OR, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Angel Villa–Serrano appeals the 57–month sentence imposed following a guilty plea conviction for distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

Villa–Serrano contends that the district court erred by denying his request for a minimal role reduction pursuant to U.S.S.G. § 3B1.2(a). We review for clear error, *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994), and find none. Because Villa–Serrano helped coordinate

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the drug transaction, involved his co-defendant in the offense, and received money for the drugs, he failed to show that he was plainly among the least culpable participants. *See* U.S.S.G. § 3B1.2, cmt. n. 4; *Davis*, 36 F.3d at 1436–37 (affirming denial of role adjustment where defendant had responsibility for carrying drugs and accepting money for them).

Villa–Serrano's next contention is that the district court erred by denying his request for a downward adjustment or departure based on sentencing entrapment. Because Villa–Serrano stated that he was not predisposed to commit any drug offense prior to the informant's contacting him, the facts of this case do not support a reduction or departure for sentencing entrapment. *See United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994) (stating that sentencing entrapment occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment") (quotations and citations omitted). Accordingly, we conclude that the district court's decision not to grant a sentencing entrapment reduction or departure was not error. *See Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.1987) (stating that a court of appeals may affirm district court on any grounds contained in the record).

Villa–Serrano's final contention is that the district court erred by denying his request for a downward departure based on aberrant conduct pursuant to United States Sentencing Guidelines § 5K2.20. Because the district court acknowledged it had the authority to depart, but simply declined to do so on these facts, we lack jurisdiction to review this issue. *See United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir.1991) (per curiam).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**AFFIRMED in part and DISMISSED in part.**