26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor RUEDA; Francisco Gamez-Garcia, Defendants-Appellants.
 Nos. 93-50295, 93-50296.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 27, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Rueda and Garcia appeal their sentences imposed for conspiracy to possess with intent to distribute methamphetamine.
 
 
 4
 Between November 16 and November 23, 1992, Garcia, Rueda, and two codefendants agreed to sell 8,079 grams of methamphetamine to undercover DEA Agent Reynoso. The transaction was to take place on November 24, 1992. Garcia was posted to do surveillance. The four codefendants were arrested immediately after one of the codefendants opened the rear of the car and displayed the drugs.
 
 
 5
 The four defendants were charged with conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. Secs. 846 & 841(a). Garcia and Rueda both pled guilty to count one of the indictment.
 
 
 6
 Garcia's Presentence Report (PSR) concluded that Garcia's criminal history category was V. It did so by assessing eight criminal history points for prior convictions for driving with a suspended license, possession of cocaine, possession of a handgun without a serial number, battery, and infliction of corporal injury on a spouse. The PSR assessed two additional criminal history points because the instant offense was committed while Garcia was on parole for one of the spousal abuse convictions, and one criminal history point because the instant offense occurred within two years of Garcia's release from prison. The eleven criminal history points placed Garcia in criminal history category V.
 
 
 7
 Garcia challenged these calculations on the grounds that a criminal history category of V over-represented his criminal history. He argued that the six points assigned for his convictions for spousal abuse and for his commission of the instant offense while on parole over-represented the seriousness of his criminal history. Garcia did not challenge the actual calculations, but instead urged a downward departure to sentence him in a range applicable to those whose criminal history category is III. The district court declined to depart, concluding that the criminal history category of V did not overrepresent the seriousness of his criminal history.
 
 
 8
 On April 8, 1993, Garcia was sentenced to 168 months imprisonment, a five-year term of supervised release, and an assessment fee of $50. On April 9, 1993, Rueda was sentenced to 121 months imprisonment, a five-year term of supervised release, and an assessment of $50.
 
 
 9
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 II
 
 10
 Garcia argues that the district court erred in failing to depart downward under U.S.S.G. Sec. 4A1.3, which provides that a court may depart downward when a defendant's criminal history category "significantly over-represents" the defendant's criminal history. A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). However, if the trial court indicates that it did not have the discretion under the Guidelines to depart, that determination is reviewed de novo. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 11
 We conclude that we may not review this appeal because the district court refused to depart downward as a matter of discretion. There is no evidence that the district court wrongly believed that it did not have discretion to depart. The record instead reflects that the district court explicitly considered and rejected Garcia's proposition that the criminal history calculation over-represents the seriousness of his criminal history. The court's comments indicate that the court believed that Garcia deserved the criminal history category to which he was assigned.
 
 
 12
 The fact that the court did not expressly state that it knew it had the authority to depart does not affect our analysis. Neither of the parties argued to the district court that it did not have the authority to depart. Our circuit has ruled that a district court has no obligation to state affirmatively that it has authority to depart when it sentences within the guideline range; under these circumstances, the failure to depart when the record is silent on the issue of authority is not appealable. United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir.1991).
 
 III
 
 13
 On appeal, Rueda's counsel filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal.
 
 
 14
 Our review of the record supports this conclusion. Rueda's waiver of the appeal of his conviction in the plea agreement was made knowingly and intelligently and with the assistance of an interpreter. The court sentenced Rueda within the sentencing range prescribed by the Guidelines. In fact, the court chose a sentence lower than that recommended by the PSR. Rueda's criminal history was properly calculated and his sentence of 121 months is only one month greater than the mandatory minimum for his crime. See 21 U.S.C. Sec. 841(b)(1). There is no suggestion that the district court believed it did not have discretion to depart.
 
 
 15
 For these reasons, the sentences imposed by the district court are AFFIRMED and counsel's motion to withdraw is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3