34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlon Marcus HARDING, Defendant-Appellant.
 No. 93-10761.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlon Marcus Harding appeals the district court's denial of his request for a downward departure from the applicable sentencing guideline range for his violations of 18 U.S.C. Secs. 924(c), 2113(a), (d), 2312, and 2313. He argues that the district court improperly concluded that it lacked authority under the guidelines to depart downward on the basis that Harding was mentally retarded, lacked sophistication and was a follower. Harding bases his argument on the district judge's following statements:
 
 
 3
 I think the argument which is made by [Harding's counsel] is a strong argument, but what it does is weigh in favor at a minimum guideline sentence rather than the maximum guideline sentence. I don't have any flexibility with regard to the 60-month sentence, the six-year sentence. As to the other one, I've got a range to deal with of from 33 months up to a maximum of 41 months; that's eight months that can go either way. And I agree with the Department of Probation in its assessment that it should go at the bottom of that because of your youth, because of your absence of prior criminal record, because you were following, not leading the others who were involved. But there's no escaping the fact that you're facing a prison sentence and have to.
 
 
 4
 A district court's discretionary refusal to depart downward from the applicable guideline range is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). The court's failure to comment on its authority to depart downward "is not sufficient to indicate that the court believed it lacked power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). Here, the district judge made no statement indicating he lacked authority to depart. His comment that he lacked flexibility referred to the mandatory minimum sentence, which Harding does not contest. The judge's statement that Harding's argument for departure weighed in favor of the minimum sentence, moreover, indicates that he considered and rejected the downward departure request, and concluded that a sentence at the low end of the guideline range was appropriate.
 
 
 5
 Because the district court exercised its discretion in refusing to depart downward, we lack jurisdiction to review the sentence and dismiss Harding's appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3