116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Agustin PINTOR-CHAVEZ, aka Juan Augustine
Conedo-Chavez; Juan Augustin Canedo-Chavez; Juan
Canedo-Chavez, Defendant-Appellant.
 No. 96-50532.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
June 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-00012-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before NORRIS, LEAVY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Pintor-Chavez appeals his guilty plea conviction for a violation of 8 U.S.C. § 1326(b), illegal reentry by a previously deported felon. Pintor-Chavez contends that the district court erred by denying his request for a downward departure based upon: (1) the government's failure to follow through with its original misdemeanor plea offer and (2) his acceptance of deportation.
 
 
 3
 "Decisions to deny downward departure are considered discretionary unless the district court indicates that it could not do so as a matter of law." See United States v. Pinto, 48 F.3d 384, 389 (9th Cir.) cert. denied, 116 S.Ct. 125 (1995). Failure to depart is not appealable because the record is silent on the issue of discretion if the sentence imposed is within the applicable sentencing guideline range. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). when the district court refuses to depart downward, we assume that the district court knew and applied the law correctly, realized its authority to depart, but choose not to on the facts of the case. See id. at 491.
 
 
 4
 Here, the district court was silent on the issue of discretion, and the sentence imposed was at the middle of the applicable guideline range. See Garcia-Garcia, 927 F.2d at 491. The parties presented oral and written arguments on the departure issues. The record does not indicate that the district court misunderstood that it had the discretion to depart downward. We therefore presume that the district court knew and applied the law correctly but concluded that it would be inappropriate to depart downward. See id. at 491. Because Pintor-Chavez's contentions do not fall into the purview of 18 U.S.C. § 3742(a)(1) (indicating when a defendant may file a notice of appeal for review of a final sentence), this court lacks jurisdiction to review these claims. See Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3