122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Ayala FERNANDEZ, Defendant-Appellant.
 No. 96-10304.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Decided Sept. 5, 1997.
 
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvador Ayala Fernandez appeals his 135-month sentence imposed following his guilty plea to aiding and abetting the possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Fernandez contends that the district court (1) clearly erred in finding that he was not entitled to a four-level minimal role reduction under U.S.S.G. § 3B1.2(a); and (2) erred in denying him a downward departure under U.S.S.G. § 5K2.0. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination of the defendant's minimal role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir1994). A downward adjustment for a minimal participant is intended to be used infrequently. See U.S.S.G. § 3B1.2, comment. (n.2) (1992); id. A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.2, comment. (n.1) (1992). "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 4
 Here, the evidence shows that Fernandez had some knowledge of the scope of the enterprise and the activities of co-defendant Raul Cardenas, the apparent head of the conspiracy. See U.S.S.G. § 3B1.2, comment. (n.2). In his plea agreement Fernandez admitted that he "guarded" 35 pounds of methamphetamine, which were brought to the residence by Cardenas. See Lui, 941 F.2d at 849. Fernandez also admitted knowing that Cardenas picked up the methamphetamine from a clandestine laboratory in Fresno. In addition, authorities found in Fernandez's bedroom in his family's residence two rifles, a rheostat, triple beam scale, "pay/owe" sheets, and three envelopes addressed to Fernandez. Fernandez claims that he lived with his girlfriend, not at his family's home, and explains the presence of the items in his room as being left there by Cardenas while visiting his girlfriend/common-law wife, who was also Fernandez's sister. Although Fernandez's explanation is plausible, we cannot say that the district court clearly erred by inferring Fernandez's knowledge of the conspiracy from the presence of the items in the bedroom of his family home and his admissions in the plea agreement. See United States v. Reed, 80 F.3d 1419, 1424 (9th Cir.), (concluding no clear error where there were two permissible views of the evidence), cert. denied, 117 S.Ct. 211 (1996). Accordingly, we affirm the district court's finding that Fernandez is not entitled to a minimal participant adjustment. See U.S.S.G. § 3B1.2(a); Davis, 36 F.3d at 1436.
 
 
 5
 Fernandez's contention that we have jurisdiction to review the district court's discretionary decision not to depart downward lacks merit. See United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). We will not assume that the court's silence regarding its basis for its refusal to depart was an indication that the court believed it lacked the authority to depart. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam)
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3