**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio LOPEZ, Defendant–Appellant.**

No. 00–50427.

D.C. No. CR–96–00734–JSL–3.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Antonio Lopez appeals his 121–month sentence following his guilty-plea convic-

tion for knowing and intentional possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Lopez's counsel has filed a brief stating that he finds no meritorious issues for review, along with a motion to withdraw as counsel of record. Lopez has filed a pro se supplemental brief.

Counsel and appellant have identified three potential appellate issues. The first issue concerns the district court's denial of appellant's request for various downward departures. In light of the district court's consideration of the asserted grounds for departure raised at sentencing, we lack jurisdiction to review the district court's discretionary refusal to depart downward. *See United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir.1991) (per curiam) (explaining that, where the district court renders judgment without comment in the face of defendant's request for departure, we assume that the district court correctly knew and applied the law and realized it had authority to depart, but concluded that departure would be inappropriate).

Counsel and appellant next discuss the district court's refusal of a downward adjustment based on Lopez's role in the offense. We find no clear error in the district court's comparison of the participants' roles at sentencing. *See United States v. Benitez*, 34 F.3d 1489, 1497–98 (9th Cir. 1994) (emphasizing that defendant's role must be "substantially" less culpable than average participant).

The third issue concerns applicability of the safety valve departure. *See U.S.S.G.* § 5C1.2 (permitting court to depart below

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

statutory minimum sentence for certain offenses under specified circumstances). After reviewing the record, we conclude that Lopez did not meet his burden of proving that he had met all elements for this departure. *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996) (placing initial burden on defendant to demonstrate eligibility). Specifically, we find no clear error in the district court's determination that Lopez was not completely truthful in providing the Government with all information and evidence concerning this offense. *See id.* (affirming denial of safety valve departure, in light of defendant's "bare assertion" that she had provided all relevant evidence and the district court's determination based on other sources that suggested defendant had been less than forthcoming).

In his pro se supplemental brief, Lopez raises an additional issue: whether the Government breached the plea agreement by failing to move for a downward adjustment based on substantial assistance greater than the one-level reduction actually imposed. However, the plea agreement expressly states that the Government has exclusive discretion in deciding whether to file a substantial assistance motion under U.S.S.G. § 5K1.1, without limitation as to the extent of any adjustment sought. *See United States v. Floyd,* 1 F.3d 867, 870 (9th Cir.1993) (acknowledging that a plea agreement is contractual in nature and subject to contract law standards).

Our examination of the briefs and our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose

no further arguable issues for review on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED**.

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.